# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| United States of America, | |
| Plaintiff, | 2:22-cv-01803-APG-VCF |
| v. | **ORDER** |
| Richard Washinsky, M.D., | |
| Defendants. | |

Before the court is the United States' motion to extend time to serve and to serve by alternative means (ECF Nos. 9 & 10). The government requests a 60-day extension of time to serve process on defendant Richard Washinsky and seeks service by publication, U.S. Mail, and email under Rule 4(e)(1).

**Background:**

On October 27, 2022, Plaintiff filed a complaint against Defendant Richard Washinsky, M.D.. (ECF No. 1). On January 25, 2023, the government filed a motion to extend time for service and the court granted the extension to perfect service of process to April 25, 2023. (ECF Nos. 5 & 6). On April 27, 27, 2023, the government filed a second motion to extend time to perfect service of process. (ECF NO. 7). The court granted the second request for extension of time to perfect service of process to June 26, 2023. (ECF No. 8).

The government now files a third request for extension of time to perfect service of process on Richard Washinsky, M.D. The government states that it has been unsuccessful in serving Richard Washinsky and seeks service by publication, U.S. Mail, and email under Rule 4(e)(1).

In the Declaration of Lindsay Ager, Ms. Ager states that the United States Attorney's Office has conducted searches in Thompson Reuter's CLEAR database and the LexisNexis Public Records database to attempt to locate addresses to personally serve Dr. Washinsky, including addresses in Las Vegas,

Nevada, Fort Meyers, Florida, and Fort Lauderdale, Florida. The United States has set up "alerts" in those databases to notify the United States of new information. This research is in addition to the "skip traces" the Nevada- and Florida-based process servers performed. The United States has been unable to locate a current address for Dr. Washinsky using these databases.

**Service By Publication**

Pursuant to Federal Rule of Civil Procedure 4(e)(1), "an individual – other than a minor, an incompetent person, or a person whose waiver had been filed – may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Rule 4.4(c) of the Nevada Rules of Civil Procedure, when the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or by concealment seeks to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that the defendant is a necessary or proper party to the action, such court or judge may grant an order that the service be made by the publication of summons.

Nevada Rules of Civil Procedure 4.4(c)(1) establishes the conditions for publication. Service by publication may only be ordered when the defendant: (A) cannot, after due diligence, be found; (B) by concealment seeks to avoid service of the summons and complaint; or (C) is an absent or unknown person in an action involving real or personal property. Under NRCP 4.4(c)(2), which the court is required to follow for service by publication in federal action, requires the party seeking service by publication, based on the fact that defendant cannot be found, to submit an affidavit of due diligence, declarations, or other evidence verifying:

(1) the last known address of the defendant;

(2) the dates during which the defendant resided at that location, and,

(3) confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which defendant can be found.

**Service by Mail**

Under Nevada Rule of Civil Procedure 4.4(c)(4)(B), "if publication is ordered and the plaintiff is aware of the defendant's last-known address, the plaintiff must also mail a copy of the summons and complaint to the defendant's last-known address."

**Service by Email**

Federal Rule of Civil Procedure 4(e)(1) provides, in relevant part, that service of process on an individual that conforms with state law "in the state where the district court is located or where service is made" is proper in federal court. As relevant here, Nevada Rule of Civil Procedure 4.4(d)(1) permits service by email in addition to any other service method as a "reasonable effort[] to provide additional notice of the commencement of the action." Similarly, the Ninth Circuit permits service by email when it is "reasonably calculated, under all the circumstances, to apprise the interested parties of the action and afford them an opportunity to present their objections." *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (quotation omitted) (analyzing email service in the context of an international defendant).

**Discussion**

The government asserts that after diligent effort, it is unable to serve Dr. Washinsky within the state of Nevada and Florida. (ECF No. 10 at p. 5). In support of this assertion, the government has provided the court with an affidavit of attempted services (ECF Nos. 5 & 7). The last known address(es) for Dr. Washinsky are 9010 W. Cheyenne Avenue, 3017 Waterside Circle, 8780 Carlitas Joy Court, 7530 W. Sahara Avenue #107, 9513 Quail Ridge Drive, Las Vegas, Nevada. (ECF No. 5-1 at p. 2). Service at these addresses were unsuccessful. *Id.* The process server did a search and found that Dr. Washinsky may still be residing in Michigan and that Dr. Washinsky may be evading service. (ECF No. 7-2 at page 2).

Service was attempted at 6501 Dabney St., Fort Myers, FL 33966. Service was unsuccessful in Florida. *Id.*

The court finds that pursuant to Fed. R. Civ. P. 4(e)(1) and Nev. R. Civ. P. 4(e)(1), permitting service by publication of the Summons and Complaint on Dr. Washinsky is warranted. Pursuant to Rule 4(e)(1)(iii), the publication must be made in a newspaper, published in the State of Nevada, for a period of 4 weeks, and at least once a week during said time. Nev. R. Civ. P. 4(e)(1)(iii). The government may also serve by publication in the State of Florida.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that United States' motion to extend time to serve and to serve by alternative means (ECF Nos. 9 & 10), is GRANTED. A copy of the Summons and Complaint must be mailed to Dr. Washinsky at his last known addresses by certified U.S. Mail, return receipt requested.

IT IS FURTHER ORDERED that the time to perfect service of process on Dr. Washinsky, is extended to August 25, 2023.

IT IS FURTHER ORDERED that, pursuant to Fed. R. Civ. P. 4(e)(1) and Nev. R. Civ. P. 4(e)(1)(i) and (iii), the Summons in this action must be served by publication in a newspaper, published in the state of Nevada and Florida (in the county where Dr. Washinsky resides), for a period of four weeks and at least once a week during that time.

IT IS FURTHER ORDERED that the government must email a copy of the Summons and Complaint and a copy of this order to Dr. Washinsky at his last known email address.

IT IS SO ORDERED.

DATED this 13th day of July 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE